■ DOLLAR DRY DOCK BANK, Appellant, v ROBERT J. ALEXANDER, Respondent. [602 NYS2d 885] —In an action on a promissory note commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals from an order of the Supreme Court, Westchester County (Delaney, J.), entered July 10, 1991, which denied its motion for summary judgment in lieu of complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, Dollar Dry Dock Bank, sought to recover from the defendant Robert J. Alexander the principal amount of $250,000 with accrued interest on an unsecured promissory note which was in default. The plaintiff alleged that the defendant was personally liable under the terms of the promissory note, since he signed the note which did not bear either the name of the principal, Sygnet Equities Corp., or a designation that he was signing the promissory note in his capacity as an agent for the principal. The defendant contends that he was employed by the corporation as an officer at the time he signed the promissory note, and that as an authorized agent he had signed similar notes on many occasions on behalf of the corporation. He further contends that there was evidence

that the plaintiff and the corporation had intended this promissory note to be a corporate debt, including a reference in the promissory note to the corporation under the designation of "Address of Debtor". Moreover, the defendant signed his name on a line preceded by the printed word "by". A series of letters submitted by the plaintiff showed continued communications regarding the promissory note between the plaintiff and the corporation, and there was no evidence of direct contact between the plaintiff and the defendant. The defendant offered copies of canceled checks indicating that the plaintiff accepted payment of interest owing on the promissory note from the corporation.

The Supreme Court denied the plaintiff's motion for summary judgment in lieu of complaint, on the ground, *inter alia,* that there was a question of fact as to whether or not the defendant assumed obligation for the note in his individual status or signed as an agent of Sygnet Equities Corp. We affirm.

The case is governed by UCC 3-403 (2) (b), which allows the admission of parol evidence to prove the intention of the parties involved in a commercial paper transaction where there is an ambiguity on the face of the instrument. Specifically, where the parties to the action are those named in the instrument, and that instrument names the person represented but not the representative capacity of the signor, or the representative capacity is clear but the person represented is not named, further evidence may be introduced. The defendant has the burden of establishing that "the taker of the note knew or understood that the signer intended to execute the instrument in a representative status only" *(Rotuba Extruders v Ceppos,* 46 NY2d 223, 229).

Here, the promissory note bears the name of the corporation, and the designation "by", commonly denoting agency, precedes the defendant's signature. Further, the plaintiff itself offered evidence which shows that it regularly dealt with the corporation and not the defendant with regard to this promissory note. Accordingly, there has been a showing that the intention of the parties may have been other than what the plaintiff now asserts. Thus, the Supreme Court was correct in denying the plaintiff's motion for summary judgment in lieu of complaint. Thompson, J. P., Miller, Lawrence and Copertino, JJ., concur.